NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3262

MORRIS C. BROCKS,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

_____

DECIDED:  May 6, 2005

_____

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

PER CURIAM.

Morris C. Brocks ("Brocks") petitions for review of a decision by the Merit Systems Protection Board ("Board") affirming his removal by the Department of the Army ("Army") due to his misuse of a government credit card.  Brocks v. Dep't of the Army, No. DC0752030736-I-1 (M.S.P.B. Oct. 30, 2003).  We affirm.

## I.  BACKGROUND

Brocks was a Lead Orthopedic Technician, a civilian employee, with the Army.  On July 5, 2001, he signed an agreement to the terms and conditions of using the government credit card, including that he was to use it for official government business only and not for personal, family, or household purposes.  However, on fourteen

different occasions between July 25, 2001 and November 1, 2001, Brocks made unauthorized charges totaling $3,119.50 to the government credit card, including cash advances. On two separate occasions in November 2002 and February 2003, Brocks received written notice that his government credit card was delinquent and that he must pay the outstanding balance immediately.

On June 17, 2003, the Army proposed Brocks's removal from federal service for misuse of the government credit card, and thereafter, the deciding official of the Army, finding that misuse of a government credit card for personal gain was a serious offense, determined that removal was appropriate. In his written determination, the deciding official considered the twelve Douglas factors, including "consistency of penalty with other employees' penalties for similar offenses," where he found "I am unaware of any other similar case during my tenure at DeWitt Health Care Network. However, I understand that the offense of misappropriation of company/agency assets is grounds for dismissal throughout corporate America." See Douglas v. Veterans Admin., 5 M.S.P.B. 313 (1981). Brocks was removed from federal service effective July 25, 2003. At the time of his termination, Brocks had not repaid his unauthorized charges.

Brocks appealed his removal to the Board. On October 30, 2003, the administrative judge held that the Army had satisfied its burden of proof by a preponderance of the evidence that the charges against Brocks were proper, the deciding official considered all the mitigating factors, and the removal was reasonable for the sustained charges and promoted the efficiency of service. The administrative judge specifically noted that the deciding official "described his familiarity with the Douglas factors and explained how he used them in his penalty deliberations." Brocks

at 4. When the full Board denied Brocks's petition for review on March 26, 2004, the initial decision of the administrative judge became the final decision of the Board. Brocks timely sought review in this court.

We have jurisdiction to review the Board's decision pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

### A. Standard of Review

We must sustain the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 516 (Fed. Cir. 1995).

### B. Analysis

On appeal, Brocks focuses on the severity of his penalty, asserting that it was his first offense and that the Army had options other than terminating him. Brocks further argues that the administrative judge improperly failed to consider that another employee received a lesser penalty for misuse of a government credit card, claiming: "The fact is the one other person Ms. Nino [sic] situation is the same. Although she work [sic] in a different section she still works under the Hospital Commander. Whether you are in Alpha Company or Bravo Company punishment of the first offense should be the same." Brocks asks this court to reduce the punishment and return him to his position in the federal service.

The Army responds that Ms. Nino was not a similarly situated employee, because she was in a different division with a different chain of command, and because she repaid the unauthorized charges on her government-issued credit card. We agree, noting that the administrative judge found that the deciding official considered all the Douglas factors, including "consistency of the penalty with those imposed upon other employees for the same or similar offenses," Douglas, 5 M.S.P.B. at 13, and that "the penalty of the removal is reasonable and promotes the efficiency of service." Brocks at 6. We conclude that Brocks's arguments do not provide a sufficient basis to overturn the Board's decision, and we therefore affirm.